**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHNELL WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2890** |
| **JEFFERSON PARISH SHERIFF NEWELL NORMAND, ET AL.** | **SECTION "N"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. On June 9, 2016, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Summary**

    **A.    The Complaint**

The Plaintiff, Johnell Walker ("Walker"), was a pretrial detainee incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, at the time of the filing of this complaint. Walker filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Sheriff Newell Normand, Sergeant J. Jefferson, Deputy J. Lambert,

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims. The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 11. The plaintiff was sworn prior to testifying and the hearing was digitally recorded.

Deputy D. Tillery and Nurse Johnson. Walker alleges that the Deputy Tillery caused him bodily harm and Deputy Lambert used "extra force" while escorting him from one pod to another. Walker acknowledges that Lieutenant M. Brathwaite stopped the other officers and followed the right rules. Walker also claims that the defendants also tried to take off his clothes in front of other inmates and a female while outside of his housing location in an area used for meals. He complains that Nurse Johnson failed to do her job by finding that he was not injured.

### B. *Spears* Hearing

Walker testified that Deputy Tillery and Deputy Lambert injured him when they tried to strip off his clothes in a location where he did not feel comfortable. He did not know why they wanted his clothing, but the incident occurred while they were moving him from Tier 3D to Tier 3C. Walker conceded that he did not follow their instructions to remove his own clothing, because he was in the public hallway. He testified that he told the officers that he would comply if they let him undress in the restroom.

Walker stated that, when he failed to follow their instructions, the deputies began to wrestle with him to undress him. He testified that the other inmates told the deputies not to make him take his clothes off in the open area. Walker stated that the deputies restrained him and then dragged him to the Lieutenant's office. He testified that the Lieutenant told the deputies to stop and took him across the pod to a restroom where he took off his own clothes.

Walker stated that, in his opinion, the deputies engaged in excessive force when they slammed him and bent his arm backwards while dragging him to through the hallway. Walker testified that he did not received any disciplinary charges for resisting the deputies.

Walker testified that he filed suit against Nurse Johnson because she listened to the deputies rather than conduct her own medical examination to determine his injuries. He complained that

he now has pain while doing push-ups in his back, wrist and neck. According to Walker, Nurse Johnson did not give him medication, nor did she indicate that she would refer him to the doctor or conduct an examination of him. He testified that he filed a grievance complaint about this, but it was denied.

He testified that he sued Sergeant Jefferson for not following the right procedures to stop the deputies when he saw the deputies use force to try to take his clothing off. He further testified that he sued Sheriff Normand because he is responsible for his deputies and should be held liable. He confirmed that the Sheriff did not know about the incident and was not there at the time it occurred. He sued the Sheriff solely because of his supervisory authority he should be held liable.

Walker also testified that he did not know why he was arrested, although he has been incarcerated for eleven months while awaiting trial. Walker stated that he only seeks the type of damages that the court deemed appropriate and the monetary damages and injunctive relief sought in his complaint.

## II.     Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th

Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

#### A.   Sheriff Newell Normand

Walker named Sheriff Normand as a defendant because of his supervisory role over the deputies whom he alleges caused him injury. The claims against Sheriff Normand are frivolous.

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (citing *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980)). Thus, supervisory officials, like Sheriff Normand, cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not

create supervisory or respondeat superior liability."). A defendant is liable under § 1983 only if he had personal involvement in the alleged unconstitutional act. *Douthit*, 641 F.2d at 346.

In this case, Walker testified that Sheriff Normand was not personally involved in the incident about which he complains and was not personally advised by him of the incident. Instead, he named the Sheriff in his supervisory capacity and role at the prison. This is not an appropriate basis for liability under § 1983.

Walker has not alleged that he has suffered any injury directly resulting from any order, training, or other policy implemented by Sheriff Normand which would create a vicarious liability under § 1983 in the Sheriff's supervisory role. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). He therefore has failed to establish a basis for liability against the Sheriff under § 1983.

For these reasons, Walker's claims against the Sheriff in his individual capacity and supervisory role over the prison are frivolous and otherwise fail to state a claim for which relief can be granted under § 1915, § 1915A, and § 1997e.

### B.    Deputies Lambert and Tillery

Walker alleges that Deputies Lambert and Tillery engaged in excessive force after he refused to take off his own clothing during his transfer from Tier 3D to Tier 3C. He alleges that, as a result of his refusal, the deputies restrained him and dragged him to a Lieutenant's office. He complains that he now suffers with back, wrist and neck pain.

The United States Supreme Court has concluded that, with respect to a Fourteenth Amendment excessive force claim, a pretrial detainee must show only that the use of force was "objectively unreasonable." *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2470 (2015)

(effectively abrogating the lower federal courts' application to pretrial detainees of the Eighth Amendment excessive force standards in *Hudson v. McMillian*, 503 U.S. 1 (1992)). The reasonableness of the force turns on "whether the force was unnecessary - not whether the use of force was so unnecessary as to show the requisite state of mind to support an Eighth Amendment excessive force claim." *Thompson v. Beasley*, 309 F.R.D. 236, 247 (N.D. Miss. 2015); *Brown v. Gusman*, No. 15-1491, 2015 WL 6827260, at *5 (E.D. La. Nov. 6, 2015).

Under the *Kingsley* standards, the question becomes whether the defendants actions were "'rationally related to a legitimate nonpunitive governmental purpose'" of maintaining order and discipline in the jail. *See Thompson*, 309 F.R.D. at 247 (quoting *Kinglsey*, 135 S. Ct. at 2473). The Supreme Court provided some considerations to be addressed by a reviewing court in resolving this question:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *See*, *e.g.*, *Graham* [*v. Connor*, 490 U.S. 386, 396 (1989)]. We do not consider this list to be exclusive. We mention these factors only to illustrate the types of objective circumstances potentially relevant to a determination of excessive force.

*Kingsley*, 135 S. Ct. at 2473.

Based on the allegations and testimony from the plaintiff, the Court cannot determine at this time whether the force used by the defendants Lambert and Tillery was objectively reasonable or necessary under the circumstances. While the plaintiff's allegations may suggest that there was a legitimate need to have him undress, that need was not made clear to him and alternative and less offensive methods existed to enforce the rule that he undress or change, such as allowing him to undress in private like the Lieutenant directed. For this reason, the Court must allow the

excessive force claims against these defendants to proceed forward as the claims as alleged are not clearly frivolous.

### C. Sergeant J. Jefferson

Walker alleges that Sergeant Jefferson stood by and watched as he was forcedly undressed and dragged to the Lieutenant's office and did nothing to intervene in the deputies' use of excessive force.

Under a theory of bystander liability, a prison official who does not personally exert excessive force on a pretrial detainee can still be held liable for failing to protect the pretrial detainee from another's use of excessive force. *See*, *e.g.*, *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ("[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force [under the Fourth Amendment] may be liable under section 1983.") (citations omitted). Bystander liability for the failure to protect applies if the officer "(1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act." *Nazerzadeh v. Harris Cnty.*, No. H-08-0499, 2010 WL 3817149, at *33 (S.D. Tex. Sep. 27, 2010) (citing *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 203-04 (4th Cir. 2002)); *see also*, *Garza v. U.S. Marshals Serv.*, No. B-07-052, 2008 WL 501292, at *3 (S.D. Tex. Feb. 21, 2008) ("The officer must have had a reasonable opportunity to recognize the occurrence of excessive force and a reasonable opportunity to stop the use of force."). Such liability implicitly requires the presence of the officer at the scene of the alleged constitutional violation. *See*, *e.g.*, *Hale*, 45 F.3d at 919 (requiring officer to be "present at the scene" to be held liable as bystander). The rationale motivating bystander liability is that "a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer." *Terrell v. Castleberry*,

No. H-06-2025, 2008 WL 687519, at *5 (S.D. Tex. Mar. 12, 2008) (citing *Randall*, 302 F.3d at 204 n.24).

For the court to assess whether Sergeant Jefferson failed to protect the plaintiff during the incident described in this case, it is necessary for the Court first to resolve whether there was a use of excessive force by the other defendants.  Because the plaintiff has stated sufficient facts to survive the review for frivolousness, the claim against Sergeant Jefferson must be allowed to proceed forward.

### D.     Nurse C. Johnson

Walker also alleges that he was taken to Nurse Johnson after the incident and, despite his complaints, she failed to examine him or provide him with medical care for the severe pain he was suffering in his back, neck and wrist, which he still has today.

Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, his federal constitutional rights are violated if his serious medical needs are met with deliberate indifference on the part of prison officials or prison medical personnel.  *See Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). The Court has also held that "non-life-threatening injuries are a serious medical need where the injuries induced severe pain." *Thomas v. Carter*, 593 Fed.Appx. 338, 342 (5th Cir. 2014).

In this case, the pain resulting from the injuries caused by the deputies' wrestling with the plaintiff, slamming him into the wall and dragging him on the floor appear severe enough to at least survive this frivolousness review especially where the cause of the continued pain has not

been determined due to the failure to provide him with examination and treatment. *Accord Watkins v. Lancor*, 558 F. App'x 662, 666 (7th Cir. 2014) (holding that an inmate alleging that he was in "extreme pain" from a broken finger had alleged the existence of a serious medical need); *Hunt v. Sandhir*, 295 F. App'x 584, 586 (4th Cir. 2008) (a "fractured elbow" which caused "terrible pain" was a serious medical need); *Gray v. Dorning*, No. 99-5212, 1999 WL 1336118, at *1 (6th Cir. Dec. 20, 1999) ("We find that [plaintiff's] broken wrist constituted a serious medical need."); *Harris*, 198 F.3d at 159-60 (holding that an inmate with a broken jaw and "excruciating pain" stated a claim for relief); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding that a broken foot was a serious medical need).

The plaintiff has also stated sufficient facts to state a non-frivolous claim of deliberate indifference to his medical needs following the incident. Regarding the deliberate indifference requirement, the Fifth Circuit has explained that "[d]eliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted). Here, Walker alleges that Nurse Johnson declined to examine him or address his complaints of pain. Obviously, ignoring complaints of injury and pain can in some instances constitute deliberate indifference. *See, e.g.*, *Watkins*, 558 F. App'x at 666 ("[D]elaying treatment for, or failing to address pain caused by, a broken bone can constitute deliberate indifference."); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *Adams v. Edwards*, No. 14-2649, 2015 WL 5308151, at *5 (E.D. La. Sep. 10, 2015). Accepting Walker's allegations as presented in the complaint and at the *Spears* Hearing, the Court

cannot resolve at this stage of the proceedings that plaintiff has failed to allege a non-frivolous claim of deliberate indifference against Nurse Johnson.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Walker's § 1983 claims against the Sherriff Newell Normand be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915(A), and 42 U.S.C. § 1997(e).

It is further **RECOMMENDED** that Walker's § 1983 claims of excessive force against Deputy Lambert and Deputy Tillery, failure to protect against Sergeant Jefferson, and medical indifference against Nurse Johnson be allowed to proceed and remain referred to the undersigned Magistrate Judge for further pretrial proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**