## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHNELL WALKER**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO.  16-2890**

**JEFFERSON PARISH SHERIFF NEWELL**          **SECTION "N"(4)**
**NORMAND, SERGEANT J. JEFFERSON,**
**DEPUTY J. LAMBERT, DEPUTY D.**
**TILLERY, NURSE JOHNSON**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Factual and Procedural Background

The plaintiff, Johnell Walker ("Walker"), was a pretrial detainee incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, at the time of the filing of this complaint.  Walker filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Newell Normand, Sergeant J. Jefferson, Deputy J. Lambert, Deputy D. Tillery and Nurse Johnson asserting claims of excessive force and inadequate medical care.  Following a *Spears* Hearing,[1] the undersigned Magistrate Judge issue a Partial Report and Recommendation recommending dismissal of the plaintiff's claims against Sheriff Normand as

---

[1]The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  The information received is treated as an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).  The plaintiff was sworn prior to testifying and the hearing was digitally recorded.  Rec. Doc. No. 11.

frivolous and retaining the claims of excessive force against Deputy Lambert and Deputy Tillery, failure to protect against Sergeant Jefferson, and medical indifference against Nurse Johnson.[2]  The District Judge issued an Order adopting the report and recommendations and a Fed. R. Civ. P. 54(b) Judgment in favor of Sheriff Normand.[3]

Because Walker is proceeding as a pauper, the Clerk of Court issued summons to the named defendants and caused service thereof to be made by the United States Marshal's Service.  A review of plaintiff's complaint reflects that he listed the Jefferson Parish Correctional Center as the address of service for each of these defendants and provided no other identifying information for these defendants in his pleadings or at the *Spears* Hearing.

The record reflects that on June 24, 2016, the Clerk received and filed returns of service which reflect that the Marshal was unable to locate and serve the defendants Lambert, Johnson, Jefferson and Tillery.[4]  Each of the unexecuted returns bears a remark indicating, "must provide assigned district & district address."  On November 9, 2016, the undersigned issued an Order for Walker to show cause on or before November 23, 2016, by written memorandum or motion why the claims against the defendants should not be dismissed for failure to serve within the time period provided under Fed. R. Civ. P. 4(m).[5]  Walker has not responded to the Court's Show Cause Order nor has the envelope addressed to Walker been returned as undeliverable.

---

[2]Rec. Doc. No. 15.

[3]Rec. Doc. Nos. 16, 17.

[4]Rec. Doc. Nos. 9-11, 13.

[5]Rec. Doc. No. 18.  At the applicable time of filing, Fed. R. Civ. P. 4 provided a 120 day period for service.

II.    **Analysis**

At all relevant times in this case, Federal Rule of Civil Procedure 4(m) provided that service must be made within 120 days of the filing of the complaint.  In this case, summons were issued by the Clerk of Court, and the Marshal was unable to complete service with the incomplete name and address information provided by the plaintiff.

Walker also has not responded to the Court's Show Cause Order or otherwise contacted the Court to move his case forward.  Federal Rule of Civil Procedure 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, was responsible for any delay or failure to comply with a rule or order. *See*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385-86 (5th Cir. 1978).

Walker is not represented by counsel and is solely responsible for his failure to comply with the Court's order and the Federal Rules of Civil Procedure.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules and court orders has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.  In this case, Walker failed to respond to the Court's Show Cause Order or assist in attaining

service on the defendants.  He therefore has failed to comply with both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).  Because Walker has caused unnecessary delay in the progress of this action and has failed to perfect service, his complaint should be dismissed with prejudice. *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *see also*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal is with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Veazey v. Young's Yacht Sale & Serv.,* 644 F.2d 475, 477–78 (5th Cir. 1981)) (the courts "view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available").

## III.   Recommendation

It is therefore **RECOMMENDED** that Walker's § 1983 complaint against the defendants, Deputy J. Lambert, Deputy D. Tillery, Sergeant S. Jefferson and Nurse C. Johnson, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 20th day of December, 2016.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.